IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

    Plaintiff,

vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

    Defendants.

No. CIV S-10-1152 JAM EFB PS

<u>ORDER</u>

This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On May 10, 2010, plaintiff filed a complaint in this action.[1] Dckt. No. 1. Defendant Placer County Sheriff's Department filed an answer thereto on August 9, 2010, and defendant Zender filed an answer thereto on October 1, 2010. Dckt. Nos. 11, 17.

////

---

[1] On May 17, 2010, plaintiff filed a first amended complaint. Dckt. No. 7. However, because the U.S. Marshal indicated that the complaint plaintiff submitted to the Marshal for service was the original complaint and not the amended complaint, and because plaintiff's amended complaint is substantively very similar to, but is shorter than, the original complaint, on September 15, 2010, the undersigned deemed the amended complaint withdrawn. Dckt. No. 15 at 2, n.2.

1   On November 5, 2010, plaintiff filed a motion to attach to the complaint a cause of action
2 for an intentional tort. Dckt. No. 18. Then, on November 8, 2010, plaintiff filed a motion to
3 attach to the complaint an amended cause of action for an intentional tort. Dckt. No. 19.
4 Plaintiff contends that "defendant made plaintiff aware that the cause of action was not included
5 with the initiating complaint." *Id.*

6   In light of plaintiff's November 8 motion, Dckt. No. 18, plaintiff's November 5 motion is
7 deemed withdrawn. Further, plaintiff's November 8 motion is construed as a motion to amend
8 plaintiff's complaint pursuant to Federal Rule of Civil Procedure 15.

9   Effective December 1, 2009, Rule 15(a)(1) provides that "[a] party may amend its
10 pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is
11 one to which a responsive pleading is required, 21 days after service of a responsive pleading or
12 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[2] Because
13 defendants filed answers to plaintiff's complaint on August 9, 2010 and October 1, 2010,
14 plaintiff's opportunity to amend "as a matter of course" has expired.

15   Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its
16 pleading only with the opposing party's written consent or the court's leave. The court should
17 freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely
18 granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v.*
19 *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend
20 under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith;
21 (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S.
22 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to
23 the opposing party," and the burden of showing that prejudice is on the party opposing

---

[2] The former version of Rule 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

2

amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Although it appears that plaintiff's original complaint already includes a cause of action for intentional tort, the allegations in plaintiff's proposed amended cause of action for intentional tort vary slightly from the allegations in plaintiff's original complaint. There is no indication that plaintiff, who is appearing *pro se*, unduly delayed in requesting leave to amend or that the request is made in bad faith. Further, the court cannot say at this time that amendment would be futile, and although defendants have already answered plaintiff's original complaint, because plaintiff's proposed amendments to the complaint are relatively minor, defendants have completed little work that would be disturbed by granting plaintiff leave to file an amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff's request to amend the complaint will be granted. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

Plaintiff will be given fourteen days within which to file an amended complaint that includes all of plaintiff's proposed allegations. Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer

defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 5 motion, Dckt. No. 18, is deemed withdrawn;

2. Plaintiff's November 8 motion, Dckt. No. 19, is construed as a motion to amend plaintiff's complaint and is granted;

3. Plaintiff has fourteen days from the date this order is filed to file an amended complaint, as provided herein;[3]

4. Defendants shall have fourteen days from the date any amended complaint is served upon them to respond to that amended complaint;

5. The December 8, 2010 status (pretrial scheduling) conference, Dckt. No. 15, is continued to January 12, 2011 at 10:00 a.m. in Courtroom No. 24; and

6. On or before December 29, 2010, the parties shall file a joint status report addressing the matters referenced in the court's May 13, 2010 order.

SO ORDERED.

Dated: November 16, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Failure to timely file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed for failure to prosecute.

4