IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

     Plaintiff,                                No. CIV S-10-1152 JAM EFB PS

     vs.

PLACER COUNTY SHERIFF'S          ORDER
DEPARTMENT; OFFICER ZENDER,
BADGE NO. 177,

     Defendants.
_____/

     This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 8, 2010, plaintiff filed a motion to attach to the complaint an amended cause of action for an intentional tort. Dckt. No. 19. Then, on November 16, 2010, the undersigned issued an order construing plaintiff's November 8 motion as a motion to amend plaintiff's complaint pursuant to Federal Rule of Civil Procedure 15 and granted that motion. Dckt. No. 20. Plaintiff was given fourteen days, or until November 30, 2010, to file an amended complaint that included all of plaintiff's proposed allegations. *Id.*

     On December 2, 2010, plaintiff filed a response to the November 16 order. Dckt. No. 21.

////

1

Plaintiff states that he was unable to meet the November 30 deadline due to unexpected, excusable personal reasons. Therefore, plaintiff will be given additional time to file a complete amended complaint.

Although plaintiff asks the court to accept the amended complaint that was filed on November 8, 2010 and also attaches an additional copy of the intentional tort cause of action, Dckt. No. 21 at 2, 4, plaintiff is instructed to file an amended complaint that includes *all* of plaintiff's proposed allegations in this action.[1] Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has fourteen days from the date this order is filed to file an amended complaint, as provided herein and in the November 16 order;[2]

////

---

[1] Although plaintiff's November 8 amendment addresses plaintiff's intentional tort cause of action, it does not address the other causes of action asserted in plaintiff's earlier complaints. *See* Dckt. Nos. 1, 7 (including causes of action for negligence and for violations of the United States Constitution). The "amended complaint" filed on November 8 also states that it is "Page 4" of plaintiff's complaint, but no additional pages were filed with it. *See* Dckt. No. 19 at 4. Although plaintiff states in the December 2 filing that plaintiff's November 8 complaint "included all proposed allegations," it is unclear whether that complaint includes all proposed *intentional tort* allegations or *all* of plaintiff's allegations (including those listed in plaintiff's earlier complaints).

[2] Failure to timely file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed for failure to prosecute.

2

2. Defendants shall have fourteen days from the date any amended complaint is served upon them to respond to that amended complaint;

3. The January 12, 2011 status (pretrial scheduling) conference is continued to February 16, 2011 at 10:00 a.m. in Courtroom No. 24; and

4. On or before February 2, 2011, the parties shall file a joint status report addressing the matters referenced in the court's May 13, 2010 order.

SO ORDERED.

Dated: December 10, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3