IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

      Plaintiff,   No. CIV S-10-1152 JAM EFB PS

   vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

      Defendants.   ORDER
_____/

      This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 13, 2011, defendants filed a motion to dismiss plaintiff's complaint and noticed the motion for hearing on February 16, 2011. Dckt. No. 26. However, on February 1, 2011, plaintiff filed a motion for an extension of time to file an opposition to defendants' motion. Dckt. No. 27. Therefore, the undersigned issued an order on February 3, 2011 continuing the hearing on defendants' motion to dismiss to March 9, 2011 and continuing the status conference that was also scheduled for February 16, 2011 to May 18, 2011. Dckt. No. 29.

      On February 10, 2011, plaintiff filed an opposition to defendants' motion to dismiss, along with a motion to amend her complaint and a proposed third amended complaint. Dckt.

1

Nos. 31, 32, 33.  On February 17, 2011, the undersigned scheduled plaintiff's motion to amend for hearing on March 9, 2011, along with defendants' motion to dismiss.  Dckt. No. 34.

On February 23, 2011, defendants filed an opposition to plaintiff's motion to amend. Dckt. No. 35.  In the opposition, defendants acknowledge that "the majority of their complaints about the Third Amended Complaint can be raised by a motion to dismiss and/or a motion for summary judgment," but "they do not acquiesce to the filing of a new pleading with new theories and new parties over two years after the date of the incident in question." *Id.* at 1-2. Defendants contend that "[w]aiting two years before beginning the process of ascertaining the names of alleged 'coconspirators' is excessive delay," and therefore contend that "[d]ismissal of the new defendants is warranted under [Federal Rule of Civil Procedure] 4(m)." *Id.* at 2. Defendants then "withdraw their motion to dismiss the Second Amended Complaint as it is probably moot" and because "it will be clearer to operate from the Third Amended Complaint than to pursue the motion to dismiss the second amended complaint with plaintiff's motion for leave to file the Third Amended Complaint pending." *Id.*

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Because plaintiff has already amended her complaint twice before, plaintiff needs leave of court to file a third amended complaint.

Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires."  *Id*.  The policy of freely granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend under Rule 15(a), a court should consider the

2

following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, the court acknowledges that plaintiff filed her initial complaint in this court over nine months ago and has filed two amended complaints since then, which suggests undue delay by plaintiff. However, there is no indication that plaintiff, who is appearing *pro se*, has made the request for leave to file a third amended complaint in bad faith. Further, the court cannot say at this time that amendment would be futile, and although defendants have already moved to dismiss plaintiff's second amended complaint, the arguments made in support of defendants' motion to dismiss plaintiff's second amended complaint can presumably be made in a motion to dismiss plaintiff's third amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants have not carried this burden. Accordingly, plaintiff's request to file a third amended complaint will be granted. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint, Dckt. No. 32, is granted and the March 9, 2011 hearing thereon is vacated;

2. Plaintiff's third amended complaint, Dckt. No. 33, is deemed the operative complaint in this action;

3. Defendants shall file a response to plaintiff's third amended complaint within fourteen days from the date this order is filed; and

4. The March 9, 2011 hearing on defendants' motion to dismiss, Dckt. No. 26, is vacated in light of defendants' withdrawal of that motion on February 23, 2011. *See* Dckt. No. 35.

SO ORDERED.

Dated: March 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE