IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

    Plaintiff,

vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

    Defendants.

No. CIV S-10-1152 JAM EFB PS

ORDER

/

    This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants Placer County Sheriff's Office and Deputy Zender move to dismiss plaintiff's third amended complaint and noticed the motion to be heard on April 20, 2011. Dckt. No. 37.

    On April 13, 2011, because plaintiff had not filed either an opposition or a statement of non-opposition to the motion, the undersigned continued the hearing on the motion to May 18, 2011; ordered plaintiff to show cause, in writing, no later than May 4, 2011, why sanctions should not be imposed for his failure to timely file an opposition or a statement of non-opposition to the pending motion; and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than May 4, 2011. Dckt. No. 38. The undersigned

1

further stated that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b)." *Id.*

On May 3, 2011, plaintiff filed a response to the order to show cause, requesting that sanctions not be imposed and indicating that his failure to timely respond to the motion to dismiss was "due to family dispute matters" regarding his five month old daughter who was removed from her mother's care. Dckt. No. 39. In light of plaintiff's representations, the undersigned will decline to impose sanctions at this time.

However, plaintiff still has not filed an opposition or a statement of non-opposition to the pending motion.[1] Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." *See also* E.D. Cal. L.R. 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction); L.R. 110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Therefore, the hearing on the motion will be continued, and plaintiff will once again be directed to file an opposition or a statement of non-opposition to the pending motion.

////

---

[1] Although plaintiff indicates that he submitted his "objections" to defendants' earlier motion to dismiss, Dckt. No. 39 at 1-2, he has not filed an opposition or a statement of non-opposition to the current motion.

Accordingly, it is hereby ORDERED that:

1. The April 13, 2011 order to show cause is discharged.

2. The May 18, 2011 hearing on defendants' motion to dismiss, Dckt. No. 37, is continued to June 22, 2011 at 10:00 a.m. in Courtroom No. 24.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than June 8, 2011.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiff's opposition, if any, on or before June 15, 2011.

SO ORDERED.

DATED: May 11, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3