IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

    Plaintiff,

vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

    Defendants.

No. 2:10-cv-1152-JAM-EFB PS

<u>ORDER</u>

/

This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 12, 2013, defendants filed a motion for summary judgment, and noticed the motion for hearing on the last date for law and motion – May 15, 2013. Dckt. No. 61; *see also* Dckt. No. 55. Then, on April 30, 2013, defendants filed an ex parte application for an order shortening time on their motion for summary judgment or for an order extending the law and motion cutoff date so that the summary judgment motion can be heard on a later date. Dckt. No. 62. Defendants make the alternative requests because the motion for summary judgment was served on an incorrect address for plaintiff (two digits in plaintiff's P.O. Box number were apparently transposed) and defendants were unable to correct the service mistake

1

until April 29, 2013, the date defendants were notified that their prior attempt to serve plaintiff was ineffective. *Id.* at 2. Defendants acknowledge that Eastern District of California Local Rule 230(b) requires motions to be filed *and* served at least twenty-eight days before the motion may be heard. Therefore, defendants request permission to have the motion heard on shortened time pursuant to Local Rule 144(e) so that it may be heard on May 15, 2013, despite the fact that plaintiff was not served until April 29, 2013. Defendants agree that plaintiff could still have fourteen days to file his opposition to the summary judgment motion and defendants would waive the filing of a reply brief. *Id.* Under that proposal, plaintiff would have until May 14, 2013 to file his opposition. *Id.* at 4. In the alternative, defendants request that the court modify the pretrial schedule to permit the summary judgment motion to be heard on the next available hearing date that provides a minimum of 28-days' notice under Local Rule 230. *Id.* at 5.

The first proposal by defendants – that the May 15 hearing date remain on calendar and that plaintiff be given until May 14 to file his opposition – is unworkable. If plaintiff were to be given until May 14 to file an opposition to the summary judgment motion, the court would have insufficient time to review it before the May 15 hearing. And, the court is not inclined to shorten the amount of time plaintiff would ordinarily have under the Local Rules to respond to the summary judgment motion. Therefore, the only viable option would be to modify the May 15 law and motion cutoff date in the Rule 16 scheduling order so that the summary judgment motion could be heard on a later date.

A Rule 16 scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

---

[1] Local Rule 144, which permits matters to be heard on shortened time, provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Here, although defendants note that they were "unable to

604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* Here, defendants' ex parte application sufficiently establishes that the service error (in which two digits in plaintiff's P.O. Box were transposed) was inadvertent and unintentional, and that defendants corrected the service mistake and notified the court of the issue as soon as the mistake was discovered. *See generally* Dckt. No. 62. Although the court notes that this issue could have been avoided had defendants not noticed their summary judgment motion on the last possible hearing date, in light of the representations set forth in defendants' ex parte application, the court finds that defendants' request to modify the law and motion cutoff date is supported by good cause and will grant that request.

Additionally, in light of plaintiff's pro se status, the court informs plaintiff of the following with respect to opposing a motion for summary judgment under Federal Rule of Civil Procedure 56: Such a motion is a request that the court grant judgment in defendants' favor without trial. A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law. To oppose a motion for summary judgment, plaintiff must show proof of his claims. To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies. Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it

---

discuss a stipulation with Plaintiff because Plaintiff has not provided any contact information other than the P.O. Box address," and defendants did not want that correspondence to result in further delay, defendants did state that they would "pursue meet and confer efforts regarding a stipulation" and would let the court know if a stipulation could be obtained. Dckt. No. 62 at 4. Local Rule 144(c) does provide that "[t]he Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."

has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what he asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion. If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion. If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' ex parte application to modify the status (pretrial scheduling) order, Dckt. No. 62, is granted.

2. The May 15, 2013 law and motion cutoff date set forth in the status (pretrial scheduling) order, Dckt. No. 55, is continued to June 12, 2013. All other dates and deadlines set forth in the status (pretrial scheduling) order, Dckt. No. 32, shall remain the same.

3. The hearing on defendants' summary judgment motion, Dckt. No. 61, is continued to June 12, 2013 at 10:00 a.m. in Courtroom No. 8.

4. On or before May 29, 2013, plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, as well as a response to defendants' separate statement of undisputed facts, as required by Local Rule 260(b).[2]

---

[2] Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,'

5. Defendants may file a reply to plaintiff's opposition on or before June 5, 2013.

DATED: May 1, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."