IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

    Plaintiff,

vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

    Defendants.
_____/

No. 2:10-cv-1152-JAM-EFB PS

<u>ORDER</u>

This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 12, 2013, defendants filed a motion for summary judgment, and originally noticed the motion for hearing on May 15, 2013. Dckt. No. 61. Then, on April 30, 2013, defendants filed an ex parte application for an order extending the law and motion cutoff date so that the summary judgment motion could be heard later than the original law and motion cutoff date of May 15, 2013. Dckt. No. 62. The request was made because defendants did not learn until April 29, 2013 that plaintiff had not been properly served with the summary judgment motion due to a typographical error. *Id.*

////

1     The court granted defendants' request on May 1, 2013 and continued the hearing on the
2 summary judgment motion to June 12, 2013.  Dckt. No. 64.  The court instructed plaintiff to file
3 an opposition to the motion, or a statement of non-opposition thereto, as well as a response to
4 defendants' separate statement of undisputed facts, as required by Local Rule 260(b), on or
5 before May 29, 2013.  *Id.*; *see also* E.D. Cal. L.R. 230(c) (providing that opposition to the
6 granting of a motion, or a statement of non-opposition thereto, must be served upon the moving
7 party, and filed with this court, no later than fourteen days preceding the noticed hearing date).
8 The order also provided plaintiff with information regarding how to oppose a summary judgment
9 motion.  *Id.*

10     Although the May 29 deadline has passed, court records reflect that plaintiff has filed
11 neither an opposition nor a statement of non-opposition to defendant's motion, as required by the
12 May 1, 2013 order and Local Rule 230(c).[1]  However, on May 31, 2013, plaintiff filed a notice
13 of change of address, indicating that his post office box expired on March 31, 2013, and that
14 plaintiff did not receive any mail sent to him at that post office box after March 31, 2013.  Dckt.
15 No. 66.  Plaintiff also requests that the court and defendants forward him all mail sent to him at
16 that post office box between March 31, 2013 and May 25, 2013.  *Id.*

17     It was plaintiff's responsibility to keep the court and all other parties apprised of his
18 current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record
19 address of the party is fully effective.  Nonetheless, because it appears plaintiff did not receive a
20 copy of defendants' summary judgment motion or the May 1, 2013 order, the June 12, 2013
21 hearing on defendants' motion for summary judgment will be vacated.  Defendants are directed
22 ////
23 ////

---

[1] It appears from the file that plaintiff's copy of the May 1, 2013 order was returned as undeliverable. Additionally, defense counsel filed a statement on May 6, 2013, indicating that the motion for summary judgment that was re-served on plaintiff was also returned to defense counsel as undeliverable. Dckt. No. 65.

2

to re-notice the motion and serve plaintiff with a copy of that notice of motion.[2] The court will also direct the Clerk to re-serve plaintiff with a copy of the May 1, 2013 order. Plaintiff is admonished, however, that a failure to keep the court apprised of his current address in the future may result in the imposition of sanctions and/or dismissal of this action for failure to prosecute or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The June 12, 2013 hearing on defendants' motion for summary judgment, Dckt. No. 61, and all other dates and deadlines stemming from that hearing date, are vacated.

2. Defendants shall re-notice their motion for summary judgment and serve plaintiff with a copy of that notice at his updated address.

3. The Clerk of Court is directed to re-serve plaintiff with a copy of the court's May 1, 2013 order.

SO ORDERED.

DATED: June 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] It appears that on June 3, 2013, defendants re-served plaintiff with a copy of their brief in support of their motion for summary judgment, their ex parte application to shorten time, and their statement regarding the motion for summary judgment. Dckt. No. 67.

3