IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

    Plaintiff,

vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

    Defendants.

No. 2:10-cv-1152-JAM-EFB PS

ORDER

---

On July 1, 2013, this court[1] issued an order directing plaintiff to show cause in writing, no later than July 15, 2013, why sanctions should not be imposed for (a) failing to keep defendants apprised of his current address, as required by Local Rule 182(f) and the June 6, 2013 order; (b) failing to timely file an opposition or a statement of non-opposition to defendants' motion for summary judgment; and (c) failing to timely file a response to defendants' statement of undisputed facts in support of that motion. Dckt. No. 71 at 4. The order further directed

/////

---

[1] This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

plaintiff to provide defendants and the court with an updated address of record.[2] *Id.* On July 15, 2013, plaintiff filed a response to the order to show cause, stating that the updated post office box that he provided to the court on May 31, 2013 is, in fact, his current address, but that he was not receiving mail at that post office box due to mistakes made by the U.S. Postal Service. He states that he first discovered the issue when he received the court's July 1, 2013 order. *See generally* Dckt. No. 72. In light of plaintiff's representations, the July 1, 2013 order to show cause will be discharged and plaintiff will not be sanctioned at this time. However, plaintiff is reminded of his obligation to maintain an address at which he may be contacted and his obligation to keep the court and the parties apprised of that address at all times and is cautioned that the failure to do so may result in dismissal of this action.[3]

The response to the order to show cause also requests that defendants provide plaintiff with discovery that he contends he requested prior to his deposition on December 19, 2012. Plaintiff also requests discovery of the deposition transcript. Dckt. No. 72 at 5. To the extent plaintiff's requests are intended to be motions to compel non-expert discovery, those motions are and untimely must be denied. The status (pretrial scheduling) order issued in this action provides that all non-expert discovery was to be completed by February 17, 2013 and all motions to compel non-expert discovery were to be heard not later than January 16, 2013. Dckt. No. 55 at 3. The order provides that "the word 'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall

---

[2] The July 1, 2013 order also provided that "[w]ithin seven days after defendants are provided with any updated address of record for plaintiff, they shall re-notice their motion summary judgment and once again re-serve plaintiff with a copy of that notice of motion and their brief in support of that motion." Dckt. No. 71 at 4.

[3] Although plaintiff indicates that he believes discrepancies with his mail are "likely to re-occur," Dckt. No. 72 at 5, the letter he attached to his filing from Chris E. Denysenko, the Manager of Customer Service of the Parkway Branch of the U.S. Postal Service, indicates that plaintiff's mail "is currently being delivered to PO Box 306,"which is plaintiff's address of record. *Id.* at 7. Therefore, it is unclear why plaintiff believes discrepancies with his mail are likely to re-occur.

have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." *Id.* Plaintiff has not requested modification of that scheduling order, nor has he explained why good cause would justify doing so. *See* Fed. R. Civ. P. 16(b)(4). Therefore, to the extent plaintiff's requests are construed as motions to compel, they must be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 1, 2013 order to show cause is discharged; and

2. To the extent plaintiff's requests in his July 15, 2013 filing are construed as motions to compel non-expert discovery, they are denied without prejudice.

Dated: July 17, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3