IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMA A. HALL,

      Plaintiff,

vs.

PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,

      Defendants.

/

No. 2:10-cv-1152-JAM-EFB PS

<u>ORDER TO SHOW CAUSE</u>

This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 12, 2013, defendants filed a motion for summary judgment, and originally noticed the motion for hearing on May 15, 2013. ECF No. 61. Then, on April 30, 2013, defendants filed an ex parte application for an order extending the law and motion cutoff date so that the summary judgment motion could be heard later than the original law and motion cutoff date of May 15, 2013. ECF No. 62. The request was made because defendants did not learn until April 29, 2013 that plaintiff had not been properly served with the summary judgment motion due to a typographical error. *Id.*

/////

1

The court granted defendants' request on May 1, 2013 and continued the hearing on the summary judgment motion to June 12, 2013. ECF No. 64. The court instructed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, as well as a response to defendants' separate statement of undisputed facts, as required by Local Rule 260(b), on or before May 29, 2013. *Id.*; *see also* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date). The order also provided plaintiff with information regarding how to oppose a summary judgment motion. *Id.*

Although the May 29 deadline passed and plaintiff did not file either an opposition or a statement of non-opposition to defendants' motion, on May 31, 2013, plaintiff filed a notice of change of address, indicating that his post office box expired on March 31, 2013, and that plaintiff did not receive any mail sent to him at that post office box after March 31, 2013. ECF No. 66. Plaintiff also requested that the court and defendants forward him all mail sent to him at that post office box between March 31, 2013 and May 25, 2013. *Id.*

Therefore, because it appeared plaintiff did not receive a copy of defendants' summary judgment motion or the May 1, 2013 order, on June 6, 2013, the court issued an order vacating the June 12, 2013 hearing on defendants' motion for summary judgment. ECF No. 68. The order directed defendants to re-notice the motion and re-serve plaintiff with a copy of that notice of motion. *Id.* The order also admonished plaintiff "that a failure to keep the court apprised of his current address in the future may result in the imposition of sanctions and/or dismissal of this action for failure to prosecute or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b)." *Id.* at 3. The court served that order, as well as the May 1 order, on plaintiff at his updated address.

On June 7, 2013, defendants re-noticed their motion for hearing on July 10, 2013. ECF No. 69. Accordingly, as discussed above, plaintiff was required to file an opposition to the

1 motion, or a statement of non-opposition thereto, as well as a response to defendants' separate
2 statement of undisputed facts, on or before June 26, 2013.  E.D. Cal. L.R. 230(c).  Plaintiff did
3 not do so.

4 Then, on June 27, 2013, defendants notified the court that the motion for summary
5 judgment and new notice of motion that they re-served on plaintiff's updated address of record
6 were returned to defendants as undeliverable.  ECF No. 70.  Therefore, on July 1, 2013, this
7 court issued an order directing plaintiff to show cause in writing, no later than July 15, 2013,
8 why sanctions should not be imposed for (a) failing to keep defendants apprised of his current
9 address, as required by Local Rule 182(f) and the June 6, 2013 order; (b) failing to timely file an
10 opposition or a statement of non-opposition to defendants' motion for summary judgment; and
11 (c) failing to timely file a response to defendants' statement of undisputed facts in support of that
12 motion.  ECF No. 71 at 4.  The order further directed plaintiff to provide defendants and the
13 court with an updated address of record.  *Id.*

14 On July 15, 2013, plaintiff filed a response to the order to show cause, explaining that the
15 updated post office box that he provided to the court on May 31, 2013 is in fact his current
16 address, but that he was not receiving mail at that post office box due to mistakes made by the
17 U.S. Postal Service and that he first discovered the issue when he received the court's July 1,
18 2013 order.  *See generally* ECF No. 72.  In light of plaintiff's representations, the July 1, 2013
19 order to show cause was discharged.  ECF No. 73.

20 The July 1, 2013 order also provided that "[w]ithin seven days after defendants are
21 provided with any updated address of record for plaintiff, they shall re-notice their motion
22 summary judgment and once again re-serve plaintiff with a copy of that notice of motion and
23 their brief in support of that motion."  ECF No. 71 at 4.  Accordingly, on July 19, 2013,
24 defendants re-noticed their motion for summary judgment for hearing on August 21, 2013.  ECF
25 No. 74.

26 /////

Pursuant to Local Rule 230, plaintiff's opposition to the summary judgment motion was due on August 7, 2014. Although that deadline has now passed, court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to defendants' motion, nor has he filed a response to defendants' statement of undisputed facts.

Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion for summary judgment, ECF No. 61, is continued to October 16, 2013 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiff shall show cause, in writing, no later than September 25, 2013, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion and for failure to timely file a response to defendants' statement of undisputed facts.

3. Plaintiff shall also file an opposition to the motion, or a statement of non-opposition thereto, and a response to defendants' statement of undisputed facts, no later than September 25, 2013.

/////

/////

4

1      4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition
2 to the pending motion, and may result in a recommendation that the motion be granted and/or
3 that this action be dismissed for lack of prosecution and for failure to comply with court orders
4 and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5      5. Defendants may file a reply to plaintiff's opposition, if any, on or before October 9,
6 2013.

7      6. The final pretrial conference that is currently set for September 20, 2013 is continued
8 to March 7, 2014 at 11:00 a.m. in Courtroom No. 6 before the Honorable John A. Mendez.

9      7. The December 9, 2013 jury trial is continued to May 12, 2014 at 9:00 a.m. in
10 Courtroom No. 6 before the Honorable John A. Mendez.

11      SO ORDERED.

12 Dated: August 13, 2013.

13                                EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE