UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMA A. HALL,<br><br>             Plaintiff,<br><br>       v.<br><br>PLACER COUNTY SHERIFF'S DEPARTMENT; OFFICER ZENDER, BADGE NO. 177,<br><br>             Defendants. | No.  2:10-cv-1152-JAM-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On April 12, 2013, defendants filed a motion for summary judgment, and originally noticed the motion for hearing on May 15, 2013.[1]  ECF No. 61.  Then, on April 30, 2013, defendants filed an ex parte application for an order extending the law and motion cutoff date so that the summary judgment motion could be heard later than the original law and motion cutoff date of May 15, 2013.  ECF No. 62.  The request was made because defendants did not learn until April 29, 2013 that plaintiff had not been properly served with the summary judgment motion due to a typographical error.  *Id*.

/////

---

[1] This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

The court granted defendants' request on May 1, 2013 and continued the hearing on the summary judgment motion to June 12, 2013. ECF No. 64. The court instructed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, as well as a response to defendants' separate statement of undisputed facts, as required by Local Rule 260(b), on or before May 29, 2013. *Id.*; *see also* E.D. Cal. L.R. 230(c) (providing that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date). The order also provided plaintiff with information regarding how to oppose a summary judgment motion. *Id.*

Although the May 29 deadline passed and plaintiff did not file either an opposition or a statement of non-opposition to defendants' motion, on May 31, 2013, plaintiff filed a notice of change of address, indicating that his post office box expired on March 31, 2013, and that plaintiff did not receive any mail sent to him at that post office box after March 31, 2013. ECF No. 66. Plaintiff also requested that the court and defendants forward him all mail sent to him at that post office box between March 31, 2013 and May 25, 2013. *Id.*

Because it appeared that plaintiff did not receive a copy of defendants' summary judgment motion or the May 1, 2013 order, the court vacated the June 12, 2013 hearing on defendants' motion for summary judgment. ECF No. 68. The order directed defendants to re-notice the motion and re-serve that notice of motion. *Id.* The order also admonished plaintiff "that a failure to keep the court apprised of his current address in the future may result in the imposition of sanctions and/or dismissal of this action for failure to prosecute or for failure to comply with court orders and this court's Local Rules." *Id.* at 3; s*ee* Fed. R. Civ. P. 41(b). The court served that order, as well as the May 1 order, on plaintiff at his updated address.

On June 7, 2013, defendants re-noticed their motion for hearing on July 10, 2013. ECF No. 69. Accordingly, plaintiff was required to file an opposition to the motion, or a statement of non-opposition thereto, as well as a response to defendants' separate statement of undisputed facts, on or before June 26, 2013. E.D. Cal. L.R. 230(c). Plaintiff did not do so.

Then, on June 27, 2013, defendants notified the court that the motion for summary judgment and new notice of motion that they re-served on plaintiff's updated address of record

were returned to defendants as undeliverable. ECF No. 70. Therefore, on July 1, 2013, this court issued an order directing plaintiff to show cause in writing, no later than July 15, 2013, why sanctions should not be imposed for (a) failing to keep defendants apprised of his current address, as required by Local Rule 182(f) and the June 6, 2013 order; (b) failing to timely file an opposition or a statement of non-opposition to defendants' motion for summary judgment; and (c) failing to timely file a response to defendants' statement of undisputed facts in support of that motion. ECF No. 71 at 4. The order further directed plaintiff to provide defendants and the court with an updated address of record. *Id.*

On July 15, 2013, plaintiff filed a response to the order to show cause, explaining that the updated post office box that he provided to the court on May 31, 2013 is in fact his current address, but that he was not receiving mail at that post office box due to mistakes made by the U.S. Postal Service and that he first discovered the issue when he received the court's July 1, 2013 order. *See* generally ECF No. 72. While the explanation, without supporting documentation is less than satisfactory, in light of plaintiff's representations, the July 1, 2013 order to show cause was discharged. ECF No. 73.

The July 1, 2013 order also provided that "[w]ithin seven days after defendants are provided with any updated address of record for plaintiff, they shall re-notice their motion for summary judgment and once again re-serve plaintiff with a copy of that notice of motion and their brief in support of that motion." ECF No. 71 at 4. Accordingly, on July 19, 2013, defendants re-noticed their motion for summary judgment for hearing on August 21, 2013. ECF No. 74. Plaintiff was required to file an opposition to the motion for summary by August 7, 2013. Plaintiff once again failed to file an opposition.

Therefore, on August 13, 2013, this court issued another order, this time directing plaintiff to show cause in writing, no later than September 25, 2013, why sanctions should not be imposed for failing to timely file an opposition or statement of non-opposition to defendants' motion for summary judgment, and failing to timely file a response to defendants' statement of undisputed facts in support of that motion. The August 13, 2013 order further directed plaintiff to file an

/////

opposition or a statement of non-opposition to defendants' motion for summary judgment, and also a response to defendants' statement of undisputed facts, no later than September 25, 2013.

On September 25, 2013, plaintiff filed a response to the August 13, 2013 order to show cause. ECF No. 76. That response stated that plaintiff has multiple cases pending in state court that have required his attention. *Id*. at 3. He stated that he therefore had not had sufficient time to complete a response to defendants' motion for summary judgment. Thus, plaintiff requested that this court grant him an extension of time to file an opposition to defendants' motion for summary judgment. *Id*. at 7-8. Again, the court reluctantly discharged the order to show cause and granted plaintiff's request for an extension of time. ECF No. 77. Plaintiff was also admonished that no further extensions would be provided absence a showing of extraordinary cause. *Id*. at 4. The hearing on defendants' motion for summary judgment was continued to November 20, 2013, and plaintiff was ordered to file an opposition or a statement of non-opposition to the motion no later than November 6, 2013. *Id*. Plaintiff was once again admonished that failure to timely file an opposition or statement of non-opposition may result in recommendation that the motion be granted.

Although the November 6, 2013 deadline has passed, plaintiff has still not filed opposition or a statement of non-opposition to defendants' motion for summary judgment. Clearly, plaintiff has not taken the rules and orders of this court seriously and has failed to diligently prosecute this case. As plaintiff has failed to file an opposition, notwithstanding the numerous opportunities he has been afforded, this action should be dismissed for failure to prosecute this action and failure to comply with court orders and Local Rules, and defendants' motion for summary judgment should be denied as moot. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.[2]

Accordingly, it is hereby ORDERED that the November 20, 2013 hearing on defendants' motion for summary judgment, ECF No. 61, is vacated.

/////

/////

---

[2] Furthermore, the court has reviewed defendants' motion for summary judgment and finds that it appears to have merit.

4

Further, it is RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action and to comply with court orders and Local Rules;

2. Defendants' motion for summary judgment, ECF No. 61, be denied as moot; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE